14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roy LANE, Defendant-Appellant.
 No. 92-6559.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1993.
 
 Before: MILBURN, RYAN, and BATCHELDER, Circuit Judges
 PER CURIAM.
 
 
 1
 Roy Lane appeals his conviction for possession with intent to distribute crack cocaine, 21 U.S.C. Sec. 841(a)(1), and the resulting sentence, claiming that the district court abused its discretion in applying Sec. 3C1.1 of the Federal Sentencing Guidelines, that the district court erred in admitting evidence of a prior conviction under Fed.R.Evid. 609, and that the district court erred in denying appellant's motion to suppress the evidence obtained in the search of the residence in which the appellant was arrested.
 
 
 2
 The parties agree on the facts relevant to the appeal. The panel is unanimously of the opinion that the facts and legal arguments are adequately presented in the record and the briefs and that the decisional process would not be aided by oral argument. Fed.R.App.P. 34(a); Rule 9(a), Rules of the Sixth Circuit. For the reasons that follow, the conviction and sentence are affirmed.
 
 
 3
 Roy Lane was arrested following a search pursuant to a valid warrant of a residence in which he was a casual visitor. During that search, a police officer observed Lane make a movement toward his waistband and forcibly brought Lane to the floor. The officer searched the area around Lane's waistband, found nothing there, brought Lane to his feet, and found a bag of cocaine on the floor where Lane had been lying. A search of Lane's person yielded a substantial sum of money. Lane's story was that he was only in the residence to use the bathroom, having been in the area that day to participate in a game of craps in which he had won $2500 in approximately five hours. Lane denied any knowledge or ownership of the cocaine.
 
 
 4
 Lane was convicted after a trial in which there was conflicting testimony presented about the origins and ownership of the bag of cocaine and the officers' treatment of Lane. There was also testimony presented at the trial which corroborated Lane's story about his participation in the crap game.
 
 
 5
 Lane challenges first the district court's application of Sec. 3C1.1 of the Sentencing Guidelines, "Obstructing or Impeding the Administration of Justice," to enhance his sentence. Lane maintains that the district court simply relied on the jury's verdict and failed to make a specific finding that Lane had committed perjury and that the evidence failed to demonstrate that he had done anything more than deny his guilt. Therefore, according to Lane, the enhancement is not applicable.
 
 
 6
 Application Note 3 to Sec. 3C1.1 provides a non-exhaustive list of examples of the type of conduct for which the enhancement for obstruction of justice applies. One of those is committing, suborning or attempting to suborn perjury. Whether a defendant committed perjury is a question of fact to be determined by the district court and will be reviewed on appeal for clear error with due regard for the district court's opportunity to make credibility determinations. The appellate court is to give due deference to the district court's application of the guidelines to the facts. See 18 U.S.C. Sec. 3742.
 
 
 7
 Our review of the record clearly establishes that the district court did not simply rely on the jury's verdict of guilt. Rather, the court specifically found that Lane had testified falsely at trial, not only in regard to ownership of the cocaine, but also in regard to his claims that he was beaten by the police officer and that he had won in a crap game the money which was found on his person at the time of his arrest. We cannot find that these findings of fact are clearly erroneous. The district court having explicitly found that Lane committed perjury, its application of Sec. 3C1.1 to enhance Lane's sentence was not erroneous. The district court's calculation of the sentence in this case is affirmed.
 
 
 8
 We cannot consider Lane's remaining assignments of error, viz., that the district court erred in permitting the Government to impeach Lane with evidence of an unspecified prior conviction, and that the district erred in denying Lane's motion to suppress the evidence obtained during the search because the entrance into the residence was in violation of the "knock and announce" rule of 18 U.S.C. Sec. 3109 and Tennessee law. As to the first, the record demonstrates that Lane's counsel agreed to the use of the prior conviction for purposes of impeachment so long as it was not identified as a drug conviction, and specifically declined the district court's offer to give a limiting instruction at the time that the evidence was used. Therefore, defendant Lane may not claim error as to the use of that evidence. See United States v. Olano, 113 S.Ct. 1770 (1993).
 
 
 9
 The second claimed error was never raised in the trial court and, accordingly, was forfeited. Therefore, unless the error was "plain" and "affected substantial rights," it cannot be corrected pursuant to Fed.R.Crim.Proc. 52(b). Id. at 1777-78. The defendant bears the burden of demonstrating that the claimed error affected his substantial rights. Id. Lane has failed to sustain this burden.
 
 
 10
 The conviction and sentence of Roy Lane are affirmed.